**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe C. Morrow, a single man; Linda Hargrave, a single woman; Airbagit.com Suspension LLC, an Arizona Limited Liability Company; American Innovative Manufacturing Inc., an Arizona Corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>Vertical Doors Inc., a California Corporation,<br><br>    Defendant. | No. CV 09-0256-PHX-DGC<br><br>**ORDER** |

Defendant Vertical Doors, Inc. has filed a motion to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a) (1996). Dkt. #10. Plaintiffs have responded and Defendant has replied. Dkt. ##12, 13. For the reasons that follow, the Court will grant the motion to transfer.[1]

---

[1] The request for oral argument is denied. Because the parties have fully briefed the issues, *see* Dkt. ##10, 12, and 13, oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991) (holding that denial of oral argument is not prejudicial where the parties have had "an adequate opportunity to apprise the trial court with evidence and a memorandum of law"); *see also* Fed. R. Civ. P. 78(b) (stating that a court may determine a motion on the briefs, without oral argument).

## I. Background.

Plaintiffs are various business entities and their employees that sell automotive parts, including Lambo/Vertical Door Systems. Dkt. #1 at 2. On December 31, 2008, Plaintiff Joe C. Morrow was contacted in writing by an individual named Omar Anguiano, who stated to Morrow that the Plaintiffs were infringing patents held by Defendant Vertical Doors, Inc. ("VDI"). *Id*. Shortly thereafter, a principal of VDI informed Plaintiffs that VDI intended to file a patent infringement lawsuit against Plaintiffs in relation to various patents that VDI holds on vertically-operating automotive door hinges. *Id*. at 3. Plaintiffs then filed this action for declaratory judgment in the District of Arizona, alleging that they have not infringed the patents at issue and that the patents are invalid. *Id.* at 1.

VDI has attempted to protect these patents in a variety of cases against multiple defendants in the Central District of California. Dkt #10 at 2-4. Two of these actions were consolidated before Judge Selna in that District, went to a jury trial, and judgment was entered in March of 2009. *Id*. at 2. Judge Selna issued various *Markman* orders construing terms in the patents at issue in that case, the same patents which are at issue here. *Id*. at 3. In addition, VDI is currently engaged in litigation against a series of defendants, involving the same patents, in two other actions which have been consolidated as related actions before Judge Selna the Central District of California. *Id*. It is apparent that Judge Selna has made numerous findings of fact and construed a significant number of patent terms.

## II. Legal Standard.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To determine whether the action might have been originally brought in the proposed transferee forum, the district court must consider whether jurisdiction and venue would be proper in that forum. *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). If the action might have been originally brought in the proposed transferee forum, the Court must then determine whether Defendant has made "a strong showing of inconvenience to warrant upsetting [Plaintiffs'] choice of forum." *Decker*

1 *Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 2000). Such a
2 determination requires the Court to consider several factors: (1) the convenience of the
3 parties and witnesses, (2) the availability of compulsory process to compel unwilling witness
4 attendance, (3) the ease of access to sources of proof, (4) the differences in the costs of
5 litigation in the two forums, (5) contacts with the chosen forum, (6) jurisdiction over the
6 parties, and (7) the relative familiarity of the two courts with the applicable law and the
7 pendency of related actions in other forums. *See* 28 U.S.C. § 1404(a); *Decker*, 805 F.2d at
8 843; *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

9 **III.   Analysis.**

10         **A.     This Action Might Have Been Brought in the Central District of California, the Proposed Transferee Forum.**
11

12         Plaintiffs argue that the motion to transfer should be denied because the Central
13 District of California lacks personal jurisdiction over them. Dkt. #12 at 1-3. Defendant
14 argues in reply that a transferee forum need not have personal jurisdiction over plaintiffs,
15 merely over defendants, in order for transfer to be proper under 28 U.S.C. § 1404(a).
16 Dkt. #13 at 2-3.

17         The Court finds that, as matter of law, a transferee forum need not have personal
18 jurisdiction over a plaintiff in order for transfer to be appropriate under § 1404(a). *See FTC*
19 *v. Watson Pharms., Inc.*, 2009 U.S. Dist. LEXIS 33275, at *23-24 (C.D. Cal. April 8, 2009);
20 *Rogan v. United States*, 2008 U.S. Dist. LEXIS 7444, at *20 n.5 (N.D. Ind. Jan. 31, 2008);
21 *Cosmetique, Inc. v. Robert Haydon Jones & Assocs., L.L.C.*, 2004 U.S. Dist. LEXIS 12167,
22 at *5 n.1 (N.D. Ill. June 30, 2004); *Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d
23 812, 819 (W.D. Mich. 2002). The requirement of personal jurisdiction flows from the
24 constitutional commandment of due process. *Murray v. Scott,* 176 F. Supp. 2d 1249, 1255
25 (M.D. Ala. 2001) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).
26 In general, due process requires that, "in order to subject *a defendant* to a judgment in
27 personam, . . . he should have certain minimum contacts with [that forum]." *Id.* (quoting
28 *International Shoe*, 326 U.S. at 316) (emphasis added). The minimum-contacts concerns in

here when a party is haled into court without its consent. *Id.* The same concerns do not apply to a plaintiff, even when an action is transferred away from a plaintiff's home venue, because, barring a counterclaim, the plaintiff will not have judgment entered against him in the new forum. *Id.* at 1255-56. Further, even if the plaintiff is subject to a counterclaim, the "plaintiff chose to initiate the litigation enabling the counterclaim" and has in no sense been haled into court against his will to defend himself. *Id.* at 1256; *see also Rogan*, 2008 U.S. Dist. LEXIS 7444 at *20, n.5 (holding that by bringing suit, a plaintiff consents to the jurisdiction of the court, making it unnecessary to consider whether a forum has personal jurisdiction over that plaintiff). In short, the requirement of personal jurisdiction protects the right of a defendant to defend himself in a forum where he resides or conducts business. It does not protect the right of a plaintiff to bring suit in a forum that is convenient for him.

28 U.S.C. § 1404(a) is only concerned with whether the action could have been brought by the plaintiff in the proposed transferee forum. Here, regardless of whether the Central District of California would have personal jurisdiction over Plaintiffs if they were sued there, Plaintiffs could originally have brought this action in that District. The District does have personal jurisdiction over Defendant because Defendant is domiciled there. Dkt. #11 at 4. Venue also would have been proper in the Central District of California because the Defendant has sufficient connection to the district. *See* 28 U.S.C. § 1391(c).

Plaintiffs' citations to case law do not assist their argument. Each of the five cases that Plaintiffs cite considers issues of personal jurisdiction over defendants. Plaintiffs have not cited, and the Court has not found, any cases indicating that personal jurisdiction over a plaintiff in the transferee forum is required before an action can be transferred pursuant to 28 U.S.C. § 1404(a). As a result, jurisdiction and venue do not prevent this Court from transferring the action to the Central District of California.

**B.     Convenience of the Parties and the Interests of Justice.**

Defendants claim that important witnesses and evidence are located in the Central District of California and that Judge Selna's familiarity with the litigation over these patents is likely to increase the speed and efficiency with which this case is resolved. Dkt. #10 at

- 4 -

5-10. Plaintiffs claim in response that no events relevant to this case occurred in the Central District of California and that important witnesses and evidence are located in the District of Arizona. Dkt. #12 at 6-7. After considering all of the relevant factors, the Court concludes that this case should be transferred to the Central District of California.

### 1. Convenience of the Parties and Witnesses.

This factor favors neither party. Plaintiffs and Defendant are located in different states and each would prefer to litigate in his own forum. Defendant stands to gain an advantage from having this case transferred to the Central District of California, where Defendant is already involved in litigation concerning these patents. On the other hand, Plaintiff stands to gain an advantage from having this case tried in the District of Arizona, essentially forcing Defendant to duplicate its litigation efforts in both California and Arizona.

Both parties claim that essential witnesses are located in their respective forums of choice. Defendant claims that the testimony of various principals of VDI is necessary for its case and that these witnesses are located in California. Dkt. #10 at 6. Defendant claims that various other witnesses, including Defendant's expert witness, are located in California. *Id.* On the other hand, Plaintiffs identify six witnesses that they claim have relevant testimony and who are located in Arizona. Dkt. #12 at 6-7. Overall, there are several potential witnesses in each forum and "either party would suffer financially and otherwise from having to litigate in the other's chosen forum." *IMPRA Inc. v. Quinton Instruments Co.*, 17 U.S.P.Q.2d 1890, 1892 (D. Ariz. 1990). This factor is neutral.

### 2. Availability of Compulsory Process and Live Testimony.

This factor weighs against transfer, although not decidedly. The "availability of process to compel the testimony of important witnesses is an important consideration in transfer motions." *Arrow Elecs., Inc. v. Ducommun Inc.*, 724 F. Supp. 264, 266 (S.D.N.Y. 1989). This factor is not informative as to witnesses who are employees of their respective parties because "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily[.]" *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993). However, Plaintiffs have also identified three non-

1  employee witnesses who are located in Arizona, outside the subpoena power of the Central
2  District of California, and who Plaintiffs claim have relevant information.  Dkt. #12 at 6.
3  Although live testimony is preferred whenever feasible, *see Hess v. Gray*, 85 F.R.D. 15, 25
4  (N.D. Ill. 1979), the Central District of California's lack of subpoena power as to these
5  witnesses may be solved through the use of deposition or video testimony.

### 3. Relative Ease of Access to the Sources of Proof.

This factor favors neither party.  On Plaintiff's claims for a declaratory judgment that it did not infringe the patents, much of the evidence, including marketing and sales information, schematics, invoices, and advertising information, is likely to be located in Arizona.  Dkt. #12 at 6.  However, Defendant is also likely to be in possession, in California, of evidence that it may use to demonstrate that Plaintiffs did infringe the patents.  Dkt. #10 at 7;  *see also Advanced Semiconductor Materials America Inc. v. Applied Materials Inc.*, 30 U.S.P.Q.2d 1553, 1555 (D. Ariz. 1993) (holding that evidence of patent infringement is likely to be located where the patents were developed).  In addition, on Plaintiff's claims for a declaratory judgment that the patents held by Defendant are invalid, the patents were developed in California and much of the evidence on invention and development, including designs, photographs, models, and diagrams, is likely to be located in California.  Dkt #10 at 7.  In short, each forum contains important evidence.

### 4. Differences in Cost of Litigation in the Two Forums.

This factor weights in favor of transfer.  Given the recent advances in electronic communication and document production, discovery costs should be about the same in either forum.  *See Television Events & Mktg., Inc. v. Amcon Distrib. Co.*, 416 F. Supp. 2d 948, 971 (D. Haw. 2006).  Consideration of travel costs favors neither party since both parties are based in different states and would be required to travel out-of-state to the litigation. Defendants, however, have made a compelling argument that transfer is likely to result in faster and less costly litigation because of Judge Selna's familiarity with the litigation surrounding these patents.  Dkt #10 at 9-10.  Plaintiffs respond by arguing that Judge Selna's findings would be of little assistance to the Court or the parties in the present action because

1 Plaintiffs intend to pursue a different litigation strategy than parties in similar cases.
2 Dkt. #12 at 4-5. The Court believes that, regardless of Plaintiffs' litigation strategy, Judge
3 Selna's familiarity with the patents at issue in this case, as well as his meticulous findings
4 interpreting the meaning of those patents, are likely to improve the efficiency and reduce the
5 costs of this case. *See IMPRA*, 17 U.S.P.Q.2d at 1892 (holding that transferring a case to a
6 District where related litigation is pending is likely to result in "monetary savings"). This
7 factor favors transfer.

### 5. Contacts with Plaintiffs' Chosen Forum.

9 Plaintiffs' contacts in Arizona justify their choice of this forum. Many of the
10 allegedly non-infringing activities in this case took place in Arizona. Dkt. #12 at 5-6. The
11 parties have not briefed the degree of contact that Defendant has in Arizona.

12 Plaintiffs' choice of forum is entitled to consideration in the § 1404(a) analysis,
13 especially because Plaintiffs have chosen their "home forum." *IMPRA*, 17 U.S.P.Q.2d at
14 1891. This factor urges against transfer, but it "should be considered as just one of many
15 factors." *Id*.

### 6. Jurisdiction Over the Parties in the Present Forum.

17 Defendant has not raised lack of personal jurisdiction in the District of Arizona as a
18 defense. As a result, this factor urges against transfer.

### 7. Relative Familiarity of the Two Courts with the Applicable Law and the Pendency of Related Litigation in Other Forums.

21 Although Plaintiffs correctly point out that the "pendency of related litigation in the
22 proposed transferee forum" is not a factor listed in *Decker Coal*, a variety of other cases have
23 considered this factor under a 28 U.S.C. § 1404(a) analysis. *E.g., Heller Financial, Inc. v.*
24 *Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Advanced Semiconductor*, 30
25 U.S.P.Q.2d at 1554-55; *IMPRA*, 17 U.S.P.Q.2d at 1892. Defendant argues that judicial
26 economy would be served by transferring this case to the Central District of California in
27 order to be heard alongside other cases concerning infringement of the same patents.
28 Dkt. #10 at 9. Defendant also argues that transferring this action to the Central District of

- 7 -

1  California is likely to promote judicial consistency by minimizing the risk of inconsistent
2  judicial findings. *Id.* at 10.  Plaintiffs argue in response that their case is not sufficiently
3  similar to the other cases before Judge Selna for the interests of justice to benefit from a
4  transfer to the Central District of California.  Dkt. #12 at 4-5.

5  "As a general rule, cases should be transferred to districts where related actions are
6  pending." *IMPRA*, 17 U.S.P.Q.2d at 1892. "[R]elated actions may involve different parties,
7  so long as there are common issues of fact and/or law." *Id.*  In *IMPRA*, as in the present case,
8  the plaintiffs sought a declaratory judgment of non-infringement of various patents held by
9  the defendant.  The court found that transfer was appropriate in light of the pendency of
10 actions in another district where the defendants were litigating the very same patents. *Id.*
11 The court further found that transfer would promote "judicial integrity by having a
12 consistency in the rulings regarding the same patents" and would create "monetary savings."
13 *Id.*

14 The Court finds that judicial economy will be best served by transferring this case to
15 the Central District of California and that this factor weighs decisively in favor of transfer.
16 Judge Selna's findings of fact in earlier cases and construction of various patent terms,
17 attached as exhibits to Defendant's motion, demonstrate that Judge Selna has invested
18 significant judicial resources in administering the litigation of these patents.  Although
19 Plaintiffs may wish to pursue a different legal strategy than that of the parties currently
20 before Judge Selna, and Plaintiff's claims may be based on different facts, the present dispute
21 concerns the validity and potential infringement of the very same patents that VDI owns on
22 vertically-operating door systems.  Litigating this dispute in the District of Arizona would
23 require this Court to conduct a thorough and complex review of a series of technical patents.
24 Judge Selna has already completed such a review, and transferring this case to the Central
25 District of California will eliminate the risk of inconsistent rulings.

26 **8.     Consideration of All the Factors.**

27 Having considered each of the relevant factors, the Court concludes that, in the
28 interests of justice, this case should be transferred to the Central District of California.  The

- 8 -

1 pendency in that District of related litigation on the very same patents weighs strongly in
2 favor of transfer, and each of the other factors either favors neither party or only slightly
3 favors non-transfer. The Court will grant Defendant's motion to transfer.

**IT IS ORDERED:**

1. Defendant's motion to transfer (Dkt. #10) is **granted** pursuant to 28 U.S.C. § 1404(a).
2. The Clerk is directed to transfer this case to Judge Selna in the Central District of California.

DATED this 17th day of June, 2009.

_____
David G. Campbell
United States District Judge